### HENRY REVIER V. THE STATE.

No. 10493.    Delivered December 22, 1926.

**1.—Robbery—Evidence—Properly Admitted.**

Where, on a trial for robbery, there was no error in permitting the injured party to testify that appellant and another entered his residence, presented their pistols and robbed him, and that he surrendered his money because he was afraid to offer any resistance.

**2.—Same—Evidence—Harmless Error.**

Where, on a trial for robbery, the state was permitted to prove by an officer that at the time of the arrest of appellant there was taken from him fourteen dollars in money, which was not identified as having been the fruits of the crime. Although not material, the admission of this testimony was harmless, appellant having confessed to the crime, and the injured party having testified that appellant and his companion took $175.00 from him.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction for robbery, penalty twenty-five years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery, punishment fixed at confinement in the penitentiary for a period of twenty-five years.

C. A. Bristol was the injured party. According to his testimony, the appellant and another man entered Bristol's place of residence, presented their pistols and robbed him of a sum of money.

The appellant's confession was introduced in evidence in which he admitted the commission of the crime in company with Jack Wages.

The testimony of the witness Bristol to the effect that he surrendered his money because the appellant and his companion presented guns and the witness was afraid to offer any resistance was not improperly received.

The bill complaining of the testimony of the witness Fritz to the effect that at the time of the arrest there was taken from the appellant fourteen dollars in money reveals no reversible error. The fourteen dollars were not identified as having been the fruits of the crime. The injured party, however, testified that the appellant and his companion took $175.00. Appellant's confession was to the same effect. The receipt of the testimony mentioned, even though it was immaterial, would not warrant a reversal.

The judgment is affirmed.

*Affirmed.*